UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR HARRIGER #167717,

    Petitioner,

v.                                    Case No. 2:09-cv-191
                                      HON. R. ALLAN EDGAR

JEFFREY WOODS,

    Respondent.
_____/

## MEMORANDUM AND ORDER

Arthur Harriger ("Harriger"), a Michigan state prisoner in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Harriger was convicted of first-degree murder on February 28, 1991, following a trial. He was sentenced to life imprisonment without the possibility of parole. Applying the prisoner mailbox rule, Harriger mailed and filed his 28 U.S.C. § 2254 habeas petition on September 4, 2009.

The case was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). On November 6, 2009, Magistrate Judge Greeley submitted his report and recommendation. [Doc. No. 4]. It is recommended that the habeas petition be denied and dismissed with prejudice on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473 (2000).

Harriger has raised an objection to the report and recommendation. [Doc. No. 5]. Harriger was convicted in 1991 prior to the enactment of 28 U.S.C. § 2244. 28 U.S.C. § 2244 was enacted by Congress and became effective on April 24, 1996. Harriger argues that application of the statute of limitations in 28 U.S.C. § 2244(d)(1)(A) to his habeas petition violates the Ex Post Facto Clause in Article I, Section 9, Clause 3 of the United States Constitution.

After reviewing the record *de novo*, the Court concludes that Harriger's objection must be denied as frivolous. Since Harriger filed his 28 U.S.C. § 2254 habeas petition in September 2009, review in this habeas case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, which includes 28 U.S.C. § 2244. *Woodford v. Garceau*, 538 U.S. 202 (6th Cir. 2003); *Lindh v. Murphy*, 521 U.S. 320, 327-29 (6th Cir. 1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). The fact that Harriger was convicted in 1991 prior to the enactment of AEDPA and 28 U.S.C. § 2244 does not alter this conclusion. *Williams v. Bagley*, 380 F.3d 932, 942-43 (6th Cir. 2004); *Matthews v. Simpson*, 603 F. Supp.2d 960, 981-82 (W.D. Ky. 2009).

Harriger's argument that the application of 28 U.S.C. § 2244(d)(1)(A) to his habeas petition violates the Ex Post Facto Clause in Article I, Section 9, Clause 3 of the United States Constitution has no merit. The Sixth Circuit rejected the same argument by a another state prisoner in a habeas action in *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000). In *Seymour* the Sixth Circuit explains that because AEDPA " 'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application ... does not violate the Ex Post Facto Clause." *Id*. (quoting *Dobbert v. Florida*, 432 U.S. 282, 293 (1977); *see also Smith v. Snyder,* 48 Fed. Appx. 109, 111 (6th Cir. 2002);

*Matthews*, 603 F. Supp.2d at 982.

Accordingly, the objection to the report and recommendation is **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The petition for writ of habeas corpus shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

If petitioner Harriger files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not find it debatable whether Harriger's habeas petition has been properly dismissed on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

A separate judgment will enter.

SO ORDERED.

Dated: November 23, 2009.

                               */s/ R. Allan Edgar*
                              R. ALLAN EDGAR
                      UNITED STATES DISTRICT JUDGE